IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-09-CR-0254-M |
| | § | NO. 3-12-CV-0722-M-BD |
| DEQUINTAN ARNICK | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant DeQuintan Arnick, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). Punishment was assessed at 120 months confinement followed by a two-year term of supervised release. His conviction and sentence were affirmed on direct appeal. *United States v. Arnick*, 418 Fed.Appx. 334, 2011 WL 902462 (5th Cir. Mar. 16, 2011). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In two grounds, defendant contends that: (1) his sentence was improperly enhanced based on prior convictions for possession with intent to deliver a controlled substance and evading arrest by use of a motor vehicle; and (2) he received ineffective assistance of counsel.

A.

Defendant challenges the calculation of his sentence under U.S.S.G. § 2K2.1(a)(1), which establishes a base offense level of 26 for certain firearms offenses if, *inter alia*, "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense[.]" *See* U.S.S.G. § 2K2.1(a)(1). According to defendant, his prior conviction for possession of with intent to deliver cocaine was not a "controlled substance offense," and his prior conviction for evading arrest by use of a motor vehicle was not "a crime of violence." Even if defendant is correct in his interpretation of section 2K2.1(a), the Fifth Circuit determined on direct appeal that his state conviction for evading arrest by use of a motor vehicle is a violent felony. *Arnick*, 2011 WL 902462 at *1. Defendant cannot relitigate that issue on collateral review. *See United States v. Kalish,* 780 F.2d 506, 508 (5th Cir.), *cert. denied*, 106 S.Ct. 1977 (1986), *citing United States v. Jones,* 614 F.2d 80, 82 (5th Cir.), *cert. denied*, 100 S.Ct. 2174 (1980) (claims raised and resolved in a prior appeal may not be revisited on collateral review). Moreover, a misapplication of the sentencing guidelines does not fall within the narrow category of claims subject to review under section 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Consequently, this ground for relief should be overruled.

B.

In a related ground, defendant criticizes his attorney for failing to object at sentencing to the classification of his drug conviction as a "controlled substance offense," and the classification of his evading arrest conviction as "a crime of violence." In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80

L.Ed.2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064-65. Second, the defendant must establish prejudice -- that he was subjected to increased jail time due to the deficient performance of his attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). The two prongs of the *Strickland* test need not be analyzed in any particular order. *See United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). If a defendant fails to satisfy either prong, his claim of ineffective assistance of counsel must fail. *Id.*

As a preliminary matter, the court notes that defense counsel *did* object to the classification of defendant's evading arrest conviction as a "crime of violence." (*See* Gov't Resp. App., Exh. 3, PSR Add. at 1 & Exh. 4, Sent. Tr. at 3). The objection was overruled -- a ruling affirmed by the Fifth Circuit on direct appeal. *Arnick*, 2011 WL 902462 at *1, *citing United States v. Harrimon*, 568 F.3d 531, 536-37 (5th Cir.), *cert. denied*, 130 S.Ct. 1015 (2009); *see also United States v. Whitfield*, 451 Fed.Appx. 415, 416, 2011 WL 5902489 at *1-2 (5th Cir. Nov. 25, 2011), *cert. denied*, 132 S.Ct. 1604 (2012) (holding that flight using a vehicle under the Texas statute is a "crime of violence" under section 4B1.2). With respect to defendant's prior conviction for possession with intent to deliver cocaine, the Fifth Circuit has held that such a conviction constitutes a "controlled substance offense" under section 2K2.1(a). *See United States v. Ford*, 509 F.3d 714, 717 (5th Cir. 2007), *cert. denied*, 129 S.Ct. 44 (2008); *cf. United States v. Gonzales*, 484 F.3d 712, 715-16 (5th Cir.), *cert. denied*, 127 S.Ct. 3031 (2007) (conviction for *delivery* of a controlled substance does not constitute "controlled substance offense" for purposes of section 2L1.2(b)(1)). In view of these well-established precedents, it would have been futile for counsel to make the objections suggested by

defendant. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997), *cert. denied*, 119 S.Ct. 418 (1998) (failure to make meritless objection cannot be grounds for ineffective assistance of counsel).

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:   May 9, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE